# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### March 5, 2013 Session

## STATE OF TENNESSEE v. MARK TYRE

**Appeal from the Criminal Court for Shelby County**
**No. W11-00528     W. Mark Ward, Judge**

---

**No. W2012-01458-CCA-R3-CD  - Filed April 12, 2013**

---

Appellant, Mark Tyre, entered a guilty plea to violation of the sex offender registry act, a Class E felony, and received a two-year sentence as a Range I offender.  He was subsequently placed on probation.  While appellant was on probation, the State indicted him for sexual exploitation of a minor based on criminal conduct that pre-dated the guilty plea and judgment in the instant case.  After the State requested revocation of the suspended sentence, the trial court held a hearing and revoked appellant's probation.  Appellant contends that the trial court erred by revoking his probation based on criminal conduct that pre-dated his guilty plea.  We discern no error in the proceedings and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

Daniel K. Hamilton, Memphis, Tennessee, for the appellant, Mark Tyre.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Meghan Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Procedural History

On June 23, 2011, appellant entered a guilty plea to violation of the sex offender registry act in exchange for a two-year sentence.  The State offered the following evidence in support of the guilty plea:

Had the case gone to trial, the proof would have shown that [appellant] was convicted of aggravated sexual battery on May 5, 1991, in Clarksville, Tennessee[,] and is registered as a violent sex offender in Tennessee. The victim in that case was a nine-year-old male.

On April 13, 2011, Sergeant Hurst with [the Memphis Police Department ("MPD")] discovered that [appellant] had a social network account and an e-mail address without reporting those accounts to the sex offender registry within 48 hours of acquiring the account, which is required under the act.

[Appellant] admitted to sending a friend request to a 16-year-old male and having a Facebook account under his e-mail address and having it for ten days prior to the time that the [MPD] discovered that.

At the conclusion of the plea colloquy, the trial court found that appellant entered into a knowing, intelligent, and voluntary plea and approved the plea agreement. Although the plea agreement and judgment are silent as to probation, the record reflects that appellant was released and placed on probation on October 6, 2011.

In February, 2012, appellant was indicted by a grand jury and arrested for sexual exploitation of a minor. The trial court held a hearing on the State's petition for revocation of a suspended sentence on May 24, 2012.

## II. Facts

At the revocation hearing, the State presented the testimony of MPD Sergeant Andrew Hurst. He was assigned to the sex offender registry bureau of the department. Sergent Hurst stated that he first spoke with appellant concerning his social networking account and unknown e-mail address in April 2011. During that interview, Sergeant Hurst questioned appellant with regard to his purchasing a cellular telephone for a minor in 2009 and asking the minor to send him pictures of his genitals. Appellant admitted that he had done so and that in return, appellant had sent pictures of his own genitals to the minor. Prior to the interview, Sergeant Hurst had learned about the cellular telephones and pictures from the victim's grandmother. She had contacted Sergeant Hurst to complain that appellant had contacted the victim again in 2011 via Facebook.[1] Sergeant Hurst downloaded the

---

[1] The record does not contain a copy of appellant's criminal history. However, Sergeant Hurst's testimony at the revocation hearing indicated that appellant had violated the terms of the sex offender registry

(continued...)

photographs, which were exchanged during the summer of 2009, from the cellular telephones.

Following arguments of counsel, the trial court stated on the record that when it sentenced appellant in 2011, it had no knowledge of the 2009 events or the State's investigation thereof. The trial court granted the State's petition to revoke appellant's probation.

### III. Analysis

Appellant's sole issue on appeal is whether the trial court erred in revoking his 2011 probationary sentence based on criminal behavior that occurred and was known to law enforcement officers prior to his entering the guilty plea.

In his first claim of error, appellant argues that statutory interpretation of Tennessee Code Annotated section 40-35-311 should foreclose the revocation of his probation based on criminal behavior that pre-dated his conviction. This court has previously rejected this position, noting that

> the statute grants a trial court authority to begin revocation proceedings whenever the breach of law comes to the attention of the trial court. It does *not* specify that trial courts are to consider criminal acts that only occur after the imposition of a suspended sentence. Under the statute, a trial court's authority to revoke a defendant's suspended sentence is triggered by its learning of the defendant's other criminal conduct.

*State v. Stubblefield*, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997) (emphasis added). In this instant case, as in *Stubblefield*, "[t]he resolution of this case depends upon whether the trial court had knowledge of the defendant's other criminal acts when it sentenced him to split confinement." *Id.* at 225.

We have reviewed the transcripts of appellant's guilty plea hearing and probation revocation hearing. There is no mention whatsoever of these 2009 criminal acts at the guilty

---

[1](...continued)
on a previous occasion. Sergeant Hurst stated that he learned about the 2009 incidents involving the cellular telephones and pictures from the victim's grandmother when she complained that appellant had contacted the victim through Facebook "after he got out of jail" in early 2011. Sergeant Hurst stated that said incidents were unknown to law enforcement officers at the time of appellant's 2009 sentencing for violation of the sex offender registry act.

plea hearing.  At the probation revocation hearing, the trial court stated affirmatively that it had no knowledge of the 2009 criminal behavior when it accepted appellant's guilty plea. The record is silent with regard to whether the State, i.e., the district attorney general's office, had notice that law enforcement officers were actively investigating the 2009 incidents during the 2011 guilty plea proceeding.  We conclude that the trial court had no knowledge of appellant's prior uncharged criminal behavior at the time it accepted his guilty plea.

"[A] defendant who is granted probation has a liberty interest that is protected by due process of law. Also, it is fundamental to our system of justice through due process that persons who are to suffer penal sanctions must have reasonable notice of the conduct that is prohibited." *Stubblefield*, 953 S.W.2d at 225 (citations omitted).  Accordingly, revocation of a suspended sentence based on a violation of a condition of probation that occurred before probation was granted and the conditions were set would generally be impermissible.  *Id.*

However, appellant's probation was not revoked because he violated a not-yet-known condition of his probation but because of a violation of the law that occurred before he was placed on probation.  Under the facts of this case,

> revoking probation based upon criminal acts [appellant] committed before being placed on probation does not implicate . . . due process concerns because, unlike other conditions of probation that may be imposed, the defendant is deemed to have notice that his . . . conduct must conform to the requirements of the law from the time of the law's enactment.

*Id.*

Alternatively, appellant suggests that the trial court abused its discretion in revoking his probation because he disclosed the criminal conduct prior to being placed on probation. The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. 1997) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)).  In determining whether to revoke probation, it is not necessary that the trial judge find that a violation of the terms of the probation has occurred beyond a reasonable doubt. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991).  If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to revoke the probation and suspension of sentence.  Tenn. Code Ann. § 40-35-311(e)(1) (Supp. 2012).  The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards,

reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)).

In the instant case, Sergeant Hurst, the investigating officer, testified about the facts underlying the 2009 offenses. He stated that appellant had admitted his involvement. Sergeant Hurst also had obtained corroborating evidence from the cellular telephones. From this, the trial court properly found that appellant had violated one of the terms of his probation, which was that he would obey the laws of the United States or any State in which he resided. The trial court followed the law set forth in the *Stubblefield* decision. While noting that appellant's case was "interesting," the trial court stated, "I think that under that *Stubblefield* case, . . . I wasn't aware of it. I am aware of it now[,] and I'm going to go ahead and grant the State's petition." Appellant has failed to demonstrate that the trial court abused its discretion in revoking his probation.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE